■ BEATRICE CANTOR, Respondent, v. SIMON CANTOR, Appellant.— In an action by a wife for a separation, in which the defendant husband interposed counterclaims for the same and other relief, he appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated October 2, 1962, as granted the wife's motion for temporary alimony and counsel fee to the extent of directing the husband to pay alimony of $225 per week and a counsel fee in the amount of $2,500. Order modified by amending its second decretal paragraph so as to provide for the payment of alimony to the plaintiff at the rate of $125 a week so long as she shall be permitted, *pendente lite,* to remain in possession of the marital home and so long as defendant shall defray the carrying charges thereon. As so modified, the order, insofar as appealed from, is affirmed, without costs. In our opinion, so long as plaintiff is permitted to occupy the marital home, with defendant paying the carrying charges thereon, an award of temporary alimony at the rate of $225 a week is excessive. It is also our opinion that all the issues in the action should be determined after a trial and that the trial should be had promptly. Our present decision is not intended to govern or to influence the Trial Justice in the exercise of his discretion in fixing the amount of permanent alimony, if any, or in awarding an additional counsel fee, if any. Such a determination must necessarily be based upon all the proof adduced at the trial. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ JULIUS COHEN, Appellant, v. GREATER NEW YORK ASSOCIATION, INC., et al., Respondents.— In a negligence action to recover damages for personal injury, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered August 28, 1961 after a jury trial, as with respect to the defendants Greater New York Association, Inc., and Stone & Webster Engineering Corp., dismissed the complaint at the end of plaintiff's case for failure of proof. Judgment, insofar as appealed from, affirmed, without costs. No opinion. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ ANITA EISENBERG, Appellant, v. MURRAY EISENBERG, Respondent.— In an action for a separation, the plaintiff wife appeals from an order of the Supreme Court, Queens County, dated October 19, 1962, which granted the defendant husband's motion to adjudge her in contempt of court by reason of her refusal to comply with the judgment of separation theretofore entered in the action pursuant to a stipulation of settlement between them. *Inter alia,* the judgment directed the wife to remove from certain premises on or before a specified date. The motion was based on her refusal to vacate said premises within the time specified. On the wife's prior appeal upon the ground that the stipulation of settlement was harsh and inequitable and should be vacated, we affirmed the judgment (16 A D 2d 826). Order affirmed, with $10 costs and disbursements. Plaintiff's time to purge herself of the contempt (as provided in said order) is extended to not later than February 15, 1963. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hopkins, JJ., concur.